UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LEONARD M. TINSLEY<br><br>Plaintiff,<br><br>-v-<br><br>CONSUMER ADJUSTMENT COMPANY, INC. dba CACi<br><br>Defendant. | CASE NO.: 1:19-cv-01344<br><br>JUDGE:<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Leonard M. Tinsley, for his complaint against Consumer Adjustment Company, Inc. dba CACi ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") for Defendant's unlawful collection practices as described more fully in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Central District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Central District of Illinois.

PARTIES

4. Plaintiff, Leonard M. Tinsley ("Mr. Tinsley"), is a natural adult person residing in Peoria, Illinois, which lies within the Central District of Illinois.

5. Mr. Tinsley is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Defendant, Consumer Adjustment Company, Inc. dba CACi is a Missouri corporation that is in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7. In its communications to consumers, Defendant identifies itself as a "debt collector."

8. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

10. On or around October 10, 2019, Mr. Tinsley was checking his credit report and noted negative credit reporting from Defendant for *UnityPoint Health Proctor Hospital* for $389.00 (the "Subject Debt"). Relevant pages from Mr. Tinsley's Experian credit report are attached to this complaint as Exhibit A.

11. The Subject Debt was last updated on October 7, 2019 and is on the record until January 2020. Upon information and belief, as a collection account remains on a consumer report for seven (7) years from the date of first delinquency of the underlying debt, the debt at issue fell into delinquency on or about January 2013. *See* Exhibit A; *see also* 15 U.S.C. § 1681c.

12. The Subject Debt is an obligation of a consumer arising out of a transaction incurred for personal, family or household purposes and are therefore "debts" as that term is defined under 15 U.S.C. § 1692a(5).

13. Confused by the credit inquiries, On October 10, 2019, Mr. Tinsley logged onto Defendant's website to obtain more information about the alleged debts (the "Portal"). Relevant pages from the Portal is attached to this complaint as Exhibit B.

14. The Portal disclosed Defendant as a debt collector by stating: "This communication is from a professional debt collector." *See* Exhibit B.

15. The Portal lists three (3) accounts in collections, the debts from *Emergency Physicians Staffing Solutions* and two (2) from *UnityPoint Health – Proctor Hospital* for a total balance of $915.46 (the "Subject Debts").

16. The Portal failed to provide any disclosure whatsoever as to the time-barred status of the Subject Debts, that it cannot file a collection lawsuit to enforce the collections of the Subject Debts or that making a partial payment on the Subject Debts would revive the Defendant's ability to sue to collect the balance.

17. As of October 10, 2019, the date Mr. Tinsley accessed Defendant's Portal, the Subject Debt was time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

18. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued." *See* 735 ILCS § 5/13-205.

19. Defendant attempted to collect payment of the subject debt from Mr. Tinsley during his access of the Portal, including offering a "Payment Plan" and "One Time Payment." *See* Exhibit B.

20. The Portal gave the false impression that Defendant had chosen not to sue Mr. Tinsley, not that it was legally barred from doing so.

21. After a reasonable time to conduct discovery, Mr. Tinsley believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

22. Mr. Tinsley was misled by Defendant's collections actions on the Portal.

23. Mr. Tinsley' justifiably fears that, absent the Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Subject Debt from him.

24. As a result of Defendant's conduct, Mr. Tinsley was forced to hire counsel and his damages therefore include reasonable attorneys' fees in prosecuting this claim.

25. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices in this complaint.

## GROUNDS FOR RELIEF
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

26. All prior paragraphs are incorporated into this count by reference.

27. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or .means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

28. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f on the Portal, by attempting to collect the Subject Debt after providing no disclosure to Plaintiff regarding the Subject Debt's time-barred status and the potential legal consequences of Plaintiff acknowledging the validity of the Subject Debt. As such, Defendant ultimately violated the FDCPA by using false, deceptive and/or misleading representations in connection with the collection of the Subject Debt.

29. At all times relevant to this complaint, Defendant knew that the applicable statute of limitations to collect the Subject Debt had expired, yet Defendant failed to provide a complete and/or accurate disclosure of the same to Plaintiff.

30. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

31. As set forth in paragraphs 22 through 25 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Leonard M. Tinsley, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

D. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 29th day of October, 2019.              Respectfully Submitted,

                                                     */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                     */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC